Brian J. Lawler, CA SBN 221488
**PILOT LAW, P.C.**
850 Beech Street, Suite 713
San Diego, CA 92101
Telephone: (866) 512-2465
blawler@pilotlawcorp.com

*Attorney for John Coby*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOHN COBY, an individual,<br><br>                                 Plaintiff,<br><br>v.<br><br>VIKING, a foreign corporation,<br><br>                                 Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**VIOLATIONS OF 38 U.S.C. § 4301,** ***ET SEQ***<br><br>**FILING FEE WAIVED PER 38 U.S.C. §4323(h)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, JOHN COBY, hereby complains against Defendant, VIKING, a foreign corporation, and each of them, as follows:

## NATURE OF ACTION

1. This is a civil action brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §4301 *et seq*. It is brought by Plaintiff JOHN COBY against Defendant, VIKING, a foreign corporation.

## PARTIES

2. Plaintiff, John Coby ("Plaintiff"), at all pertinent times alleged herein, is a United States citizen and a resident of the State of Arizona.

3. At all relevant times, Plaintiff was a qualified member of the uniformed services for purposes of 38 U.S.C. §4303(3), (9), and (16), serving in the Arizona National Guard

("AZNG").

4. Plaintiff is informed and believes and thereon alleges that Defendant, VIKING, a foreign corporation. ("VIKING"), is registered as a foreign corporation in the State of Arizona. VIKING holds itself out as having a place of business at 60 E. Rio Salado Pkwy., Tempe, AZ 85281. Defendant was and is an employer for purposes of 38 U.S.C. § 4303(4)(A), § 4311(a), and (c)(1).

5. Whenever and wherever reference is made in this Complaint to any conduct of Defendants, or any of them, such allegations or references shall also be deemed to mean conduct of each Defendant, acting individually, jointly and severally.

## JURISDICTION AND VENUE

6. Count I of this complaint arises under USERRA, 38 U.S.C. §§4301-4335. The jurisdiction of this Court is founded on federal question jurisdiction, 28 U.S.C. §1331, as conferred by 38 U.S.C. §4323(b)(3). Venue is proper because Defendant maintain a place of business in this district, as provided in 38 U.S.C. §4323(c)(2), 28 U.S.C. §1391(b). Divisional Venue is proper in this division because it is where Plaintiff's claim for relief arose.

7. Pursuant to 38 U.S.C. § 4323(h), "No fees or court costs may be charged or taxed against any person claiming rights under [USERRA]."

## FACTUAL BACKGROUND

8. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained within paragraphs 1 through 7, inclusive, as though set forth at length herein and made a part of hereof.

9. Sometime prior to December 6, 2021, Plaintiff applied for a Customer Service Representative position VIKING advertised on the job search website Indeed.com.

10. The position VIKING offered included an annual salary of $43,000 per year, with a $5,000 signing bonus.

11. On December 6, 2021, VIKING interviewed Plaintiff to the fill the position of Customer Service Representative at its Tempe, AZ location or call center.

12. During the interview, a woman named "Barbara" informed Plaintiff he would need to be available five days per week and one split weekend per month. Plaintiff informed Barbara, and therefore VIKING, he had military service obligations that required his attendance one weekend per month and approximately two weeks per year.

13. "Barbara" informed Plaintiff he would not qualify for the position because of his military service obligations.

14. VIKING did not offer Plaintiff the position for which he had applied.

## CAUSES OF ACTION

15. Plaintiff hereby alleges and incorporates all paragraphs 1-13 above by reference herein.

16. USERRA prohibits "discrimination against persons because of their service in the uniformed services." 38 U.S.C. §4301(a)(3).

17. Plaintiff's protected status as an AZNG member was a substantial and motivating factor in Defendant's denial of Plaintiff's benefits of employment without good cause, including but not limited to, failing to hire Plaintiff because of his service obligations.

18. Section 4311(a) of USERRA provides, in relevant part, that a person "who is a member of . . . performs, has performed . . . or has an obligation to perform services in a uniformed service shall not be *denied initial employment,* ... or any *benefit of employment* by an employer on the basis of that membership . . . performance of service, or obligation." (italics added)

19. Defendant, and each of them, knowingly and willfully violated USERRA by, among other ways, discriminating against Plaintiff, and by denying him initial employment "on the basis of" his "obligation to perform service in a uniformed service."

20. As a direct and proximate result of the conduct of Defendant as set forth in this count, Plaintiff has suffered injuries and damages including but not limited to loss of past earnings and benefits, and loss of future earnings and benefits, all to his damage in an amount to be proven at trial.

21. Plaintiff alleges such violations of USERRA were willful and requests liquidated

damages in an amount equal to the amount of his lost wages and other benefits pursuant to 38 U.S.C. §4323(d)(1)(C).

22. Pursuant to 38 U.S.C. §4323(h), Plaintiff further requests an award of reasonable attorney's fees, expert witness fees, and other litigation expenses.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff prays for relief against Defendant as follows:

1. Declare that the acts and practices complained of herein are unlawful and are in violation of USERRA, 38 U.S.C. §4301, *et seq.*;

2. Require that Defendant fully comply with the provisions of USERRA by providing Plaintiff all employment benefits denied to him as a result of the unlawful acts and practices under USERRA;

3. Fees and expenses, including attorneys' fees and costs pursuant to 38 U.S.C. §4323(h);

4. Award Plaintiff prejudgment interest on the amount of lost wages or employment benefits found due;

5. Order that Defendant pay compensatory and/or liquidated damages in an amount equal to the amount of lost compensation and other benefits suffered by reason of Defendant's willful violations of USERRA;

6. Grant an award for costs of suit incurred; and

7. Grant such other and further relief as may be just and proper and which Plaintiff may be entitled to under all applicable laws.

DATED this 21st day of March, 2022.

        Respectfully submitted,

        /s/ *Brian J. Lawler*
        BRIAN J. LAWLER
        *Attorney for Plaintiff*
        John Coby

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues triable as of right by a jury in the above action.

DATED this 21st day of March, 2022.

                                            Respectfully submitted,

                                            /s/ *Brian J. Lawler*
                                            BRIAN J. LAWLER
                                            *Attorney for Plaintiff*
                                            *John Coby*